# Burke *v*. The State.

*Indictment for an Assault with Intent to Murder.*

1. *Threatening letters written by witness to defendant; when admissible.*—Where on the trial of a defendant indicted for an assault with intent to murder, the person upon whom the assault was made was examined as a witness for the prosecution, letters written by the witness to the defendant, and received by the latter a short while prior to the assault, showing hostility to the defendant, and threatening in character, are admissible in evidence on behalf of the defendant, for the purpose of proving the witness' hostile feelings towards him, and of shedding light on the witness' credibility.

2. *Same; for what purpose not admissible.*—But where, in such case, the defendant is shown to have been the aggressor, the letters, although containing threats against the life of the defendant, can not excuse or extenuate the assault. Parties can not, under a pretext of self-defense, bring on a difficulty, and shield themselves from punishment by proof of previous threats.

3. *Motive or intention; how proved.*—Motive or intention is an inferential fact, to be drawn by the jury from proven, attendant facts and circumstances; an uncommunicated belief, motive, or intention can not be testified to by a party to a civil suit, when examined as a witness, nor can it be stated by a defendant in a criminal case in the unsworn statement which he is allowed to make under the statute.

4. *Sentence to hard labor or imprisonment on conviction for misdemeanor; how avoided by defendant on taking appeal.*—The statute (Code, §§ 4454-5) expressly provides that if the fine and costs are not paid, or a

[Burke v. The State.]

judgment confessed with sureties, the alternative sentence to hard labor or to imprisonment must be pronounced; and if the defendant, in such case, has reserved questions for the consideration of this court, he may prevent the imposition of the alternative sentence by a confession of judgment with proper sureties; for if the judgment of conviction is reversed, the judgment by confession, having no foundation to rest on, falls with it.

APPEAL from Montgomery City Court.
Tried before Hon. THOMAS M. ARRINGTON.

At the February term, 1883, of said court, John E. Burke, the defendant in the court below, was indicted for an assault on A. R. McCurdy with the intent to murder him; and at a subsequent day of the same term he was tried and convicted of an assault and battery. As shown by the bill of exceptions, " on the trial the State introduced evidence tending to show that on 14th December, 1882, the defendant assaulted, by shooting with a gun, A. R. McCurdy, whilst the latter was in the act of taking a drink at the Ruby Saloon in the city of Montgomery; that at the time defendant shot, the defendant said nothing to McCurdy, and McCurdy said nothing to the defendant, and McCurdy was standing in such a position as to be unable to see defendant; that McCurdy did not know of the presence of the defendant until he was shot; that he retreated out of the Ruby Saloon, and that defendant presented the gun, which was a double-barrel [shot-gun], and attempted to fire it a second time, but there was no cap on the tube, and it did not go off; that the defendant, armed with gun and pistol, rapidly pursued McCurdy, while retreating, into an adjoining store, where people, including ladies, were trading, and fired at McCurdy two barrels of the pistol, one from the sidewalk, and the other while in the store; that only one shot from the Ruby Saloon struck McCurdy, inflicting a painful, though not a dangerous wound with turkey shot"; that the store into which McCurdy retreated was not more than ten feet from the Ruby Saloon. To the evidence showing the shooting with a pistol after the combatants left the saloon, the defendant duly objected; but his objection was overruled, the evidence admitted, and he excepted. " Whilst McCurdy, the person shot, was being cross-examined as a witness, the defendant presented separately to him two letters, of which the following are copies, and asked the witness whether he wrote them, and whether the signature to the one, dated 13th December, was his, viz :

'Montgomery, Ala., Dec. 11.
' Mr. John Burke: So you have come back here again, and I will tell you now, this place is not large enough for us both, and I mean to stay; so you know what you must do. You also know the author.'

[Burke v. The State.]

'Montgomery, Ala., Dec. 13.

'Mr. John Burke: I wrote you on the 11th, telling you that you must leave this town, and did not sign any name to my letter. I see that you paid no attention to said note, so I write you again; this time I will let you know who it is from. You or I must go, as I said before. If you do not leave Montgomery by Sunday, you must look out for me; for after this I will not give you the least show in the world, if I get the drop on you.

A. R. McCURDY.'

"The letters purported to be in the same handwriting. The State objected to the question. The defendant then stated that he proposed to show that the handwriting of these letters was similar to that of said witness, and that the defendant had received them through the post-office, the last one the night before he assaulted said witness, and that the defendant believed that the said McCurdy had written both of said letters at the time he shot him. The court sustained the State's objection to the question, and refused to allow it to be asked of the witness. To this action of the court the defendant excepted." It was shown before the above question was asked, that the defendant had left Montgomery in October, 1882, and had returned on 10th December, 1882. The defendant, in connection with evidence tending to show that the letters had been written by McCurdy, and that defendant had received them through the post-office at Montgomery, and that defendant, at the time of the shooting, believed the letters were written by McCurdy, and that his life was in danger from McCurdy's hands, offered separately to read them to the jury; but, on objection by the State, the court refused to allow the letters to be read in evidence, and the defendant excepted.

"The counsel for the defendant asked him, while he was on the stand making his statement, whether he had received said letters out of the post-office, and whether he believed, at the time he shot McCurdy, that McCurdy wrote them; and then proposed to read the letters to the jury as evidence, on the answer of the defendant in the affirmative; but the State objected to the question, and the court sustained the objection, and defendant excepted. And the court refused to allow the said letters to be read to the jury as evidence under any state of facts offered to be proved in connection therewith; and to this action of the court the defendant excepted."

Other questions of evidence were raised in the court below and reserved for the consideration of this court; but as they are not discussed in the opinion, but passed on generally, the facts in reference thereto are not stated.

After judgment for the amount of the fine assessed by the jury, $500, the entry proceeds: "And the same being unpaid,

or otherwise secured, it is the judgment of the court that the defendant perform hard labor for the county of Montgomery for the term of one hundred and forty days, to pay said fine, and for such additional term, not exceeding eight months, at the rate of thirty cents per day, as will be sufficient to pay the costs of this prosecution." Then follows a suspension of the judgment, reciting that the defendant had reserved questions for this court, and entered into a recognizance as prescribed by statute.

This judgment and the rulings above noted are here assigned as error.

WATTS & SONS, for appellant. (1) The judgment entry should be modified, even if there should be an affirmance. If the judgment is affirmed, according to its literal interpretation, the defendant must be subjected to hard labor for the county, although he pays the fine and costs immediately on the affirmance. Can this be the law? A defendant on trial for a misdemeanor has the right to reserve exceptions to the rulings of the primary court, and the right to review those rulings in this court.—Code. § 4978. In such case judgment must be rendered on conviction, but its execution must be suspended, and the right to bail is given.—*Ib.* § 4981. On appeal this court renders such judgment on the record as the law demands.—*Ib.* 4990. Now, if the defendant pays the fine and costs, or confesses judgment therefor, he loses the right to revise the rulings of the court below; and if he does not pay or confess judgment, he must be sentenced to hard labor. Thus the defendant loses one right by exercising another; and, under this construction, one portion of the statute makes nugatory another. The proper construction must be one which will harmonize the statutes, one with the other; that, on affirmance in this court, the defendant still has the right to pay, and thereby avoid the alternative sentence; or else, this court, when it affirms, should so provide in its judgment of affirmance. (2) The letters were admissible to show McCurdy's unfriendly and hostile feelings towards defendant.—*Yarbrough v. State, ante p.* 376. (3) They were also admissible as showing a communicated threat against defendant's life. Such threats are always competent, when communicated, if recently made. They tend to show the state of mind of the prosecutor towards the defendant at and about the time of the conflict. This the jury have a right to see, so far as they can. Whether the defendant would be excused for acting on such threats, depends upon the other facts taken in connection with the threats, and this is for the jury to determine. We submit that they were of such a character as to admit of no waiting for any demonstration, except

[Burke v. The State.]

·that which grows out of the very threats themselves. The following authorities cited and discussed on this point:—*Burns v. State*, 49 Ala. 372; *Pridgen v. State*, 31 Tex. 420; *Jackson v. State*, Cases on Self-Defense (Horr. & Thomp.) pp. 476–487; 6 Baxter, 452; *Keener v. State*, 18 Ga. 194; *State v. Collins*, 32 Iowa, 36; *State v. Hays*, 23 Mo. 287. (4) They were competent, also, in connection with, and as a part of the defendant's *statement*. The defendant had the right to speak of, and to state his *motive* in shooting; and he had the right to show the grounds on which the motive was based.—*Brewer v. Watson, ante*, p. 299. "The following cases discuss and fully settle the question, and show the reasons, unanswerable reasons, why a man, who is a competent witness, may testify to his *own* motives or intentions.— *Watkins v. Wallace*, 19 Mich. p. 76; *Berkey v. Judd*, 22 Minn. p. 297; *Edwards v. Currier*, 43 Me. pp. 483–4; *Thurston v. Cornell*, 38 N. Y. 281; *Thacher v. Phinney*, 7 Allen, 146; *Ib.* 155; *Fisk v. Inhabitants of Chester*, 8 Gray, p. 508; *Snow v. Paine*, 114 Mass. 520; *Green v. State*, 53 Ind. 420; *White v. State*, 53 Ind. 595; *People v. Farrel*, 31 Cal. pp. 582–4. The case in 51 Ala. 171, cites no authorities, and has been followed in several cases, in none of which is the question discussed.

H. C. TOMPKINS, Attorney-General, for the State.—The letters offered in evidence could have been admissible only upon the theory that they contained threats against the defendant by the person assaulted. But the rule is well settled that threats, communicated or uncommunicated, are never admissible in cases of this kind, unless there is some evidence tending to show that, at the time the assault was committed, the party assailed was making some demonstration indicating a purpose to carry them out. Clearly such was not this case.—Whart. on Crim. Ev. §§ 84, 757; *Pritchett v. State*, 22 Ala. 39; *Payne v. State*, 60 Ala. 80; *Holly v. State*, 55 Miss. 424; *Myers v. State*, 33 Tex. 525; *State v. Alexander*, 66 Mo. 162; *Roberts v. State*, 68 Ala. 156.

STONE, J.—The letters offered in evidence, if proved to have been written by the witness on whom the assault was made, should have been received in evidence, *solely* for the purpose of shedding light on the credibility of the witness. Before going before the jury, however, there must have been proof made, tending to show their genuineness. They were admissible only to prove the hostile feelings of the witness towards the accused; for juries, in passing on controverted facts, have a right to know the relations of friendship or hostility which the witness bears to the parties. It is a proper

subject to be considered in determining the weight of testimony.—*Yarbrough v. State, ante* p. 376; *McHugh v. State,* 31 Ala. 317.

The letters, however, even if genuine, and if received by the accused, did not and could not offer any excuse or extenuation of the assault, which the testimony tends to show he committed. And it is alike the duty of the presiding judge to so instruct the jury, and of the jury to obey the instruction. *Roberts v. State,* 68 Ala. 156; *DeArman v. State, ante* p. 351. Parties can not, under a pretext of self-defense, bring on a difficulty, and shield themselves from punishment by proof of previous threats. The present record affirms it contains all the evidence, and under its statements, the letters, whether genuine, or believed to be genuine, furnish neither excuse nor palliation for the assault it tends to prove.

Since parties have been made competent witnesses in their own favor, we have several times ruled that they can not testify to their own uncommunicated motives or intentions.—*Alexander v. Alexander, ante* p. 295. Such motive or intention, when a material subject of inquiry, must be proved as it was proved before parties were allowed to testify in their own behalf. It is an inferential fact, to be drawn by the jury from proven, attendant facts and circumstances, if sufficient. And *Brewer v. Watson, ante* p. 299, does not depart from this principle, but in fact re-affirms it. It let in the facts and information under which Brewer acted, but not the uncommunicated motive which prompted him. That was left for the jury to infer or not, as the attendant facts and circumstances might, or might not convince them. A prisoner's unsworn statement to the jury, under the act of the last session, must be governed by the same rules. He can not state his own uncommunicated belief, motive, or intention.

In regard to the sentence to hard labor, imposed by the court as alternative punishment, the statute expressly provides that if the fine and costs are not paid, or a judgment confessed with sureties, then the alternative sentence must be pronounced. Code of 1876; §§ 4454–5. The City Court only pursued the statute. The hardship anticipated will not be found to exist, if persons, convicted of misdemeanors and fined, will confess judgment with the proper sureties. Such confession prevents the imposition of the alternative sentence; and if the judgment of conviction is reversed, the confessed judgment, having no foundation to rest on, falls with it.

On the one ground first above pointed out, the judgment of the City Court is reversed, and the cause remanded. Let the accused remain in custody until discharged by due course of law.