# Brown *v.* The State.

*Indictment for Attempted Arson.*

1. *Averment and proof of ownership of house.*—In an indictment for arson, or attempted arson, the ownership of the building may be charged to be in A or B disjunctively (Code, § 4798); and if the evidence shows that it belonged to A, B and C jointly (Sess. Acts 1878-9, p. 46), the variance is immaterial.

2. *To what defendant may testify as witness.*—A defendant in a criminal case, testifying as a witness for himself, can not be permitted to testify as to his own uncommunicated motives or intentions; as, that he went into the basement of a building, where he was caught setting fire to some shingles, not for the purpose of setting fire to the building, but for the purpose of getting some whiskey.

FROM the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The indictment in this case contained but a single count, which charged that the defendant "unlawfully attempted, willfully and maliciously, to burn the house of Fred Sloss or Macklin Sloss." After conviction, the defendant moved in arrest of judgment, on the ground that the indictment was fatally defective, and because it contained no sufficient averment of the ownership of the house; but the court overruled the motion. On the trial, as the bill of exceptions shows, issue being joined on the plea of not guilty, the State introduced evidence tending to show that, within twelve months before the finding of the indictment, the defendant went, in the night time, into the basement of a store-house which belonged to Fred Sloss, Macklin Sloss and Arthur Smith jointly, where, with other things, there was a barrel of oil, and ignited a match just above the barrel, and was in the act of setting fire to some pieces of shingle lying on the barrel, which was saturated with oil, when one Hugh Friel, who was in the basement, rushed out, and attempted to seize him; that the defendant ran away,

| 79 | 51 |
| 102 | 16 |
| 79 | 51 |
| 117 | 114 |
| 79 | 51 |
| 133 | 149 |
| 79 | 51 |
| 136 | 84 |

pursued by Friel, and went into the house of one Reuben Davis, and got into bed with his clothes on, where he was soon arrested by said Friel.  Said Friel was examined as a witness for the State, and testified to these facts; and said Reuben Davis, also examined as a witness for the State, testified to the defendant's declarations when he came into the house pursued by Friel; and he denied that he had said anything to the defendant that night "about going to the store after whiskey." One W. A. Brown, a witness for the defendant, "testified that said Reuben Davis told him, that he, Davis, had sent the defendant to said basement that night to get some whiskey, which he told defendant he had left there." The defendant, then testifying as a witness for himself, "testified that he went to the store that night to get some whiskey which Reuben Davis told him he had left there in the basement, and did not go for the purpose of setting fire to, or burning it." On objection by the State, the court excluded this evidence, and the defendant excepted. There was other evidence on the part of the prosecution, tending to show ill-will and threats on the part of the defendant against the owners of the building.

The defendant requested the following charges to the jury, in writing: (1.) "If the jury believe, from the evidence, that the store-house was the property of Fred Sloss, Macklin Sloss and Arthur Smith, and was owned by them jointly, then they must acquit the defendant." (2.) "In determining the guilt or innocence of the defendant, it is the duty of the jury to consider the defendant's own testimony; and if they believe, from the evidence, that he swore he went to the store to get some whiskey, it is the duty of the jury to consider such facts, so sworn to by defendant, in determining the guilt or innocence of the defendant." (3.) "In determining the guilt or innocence of the defendant, it is the duty of the jury to look to the defendant's own testimony; and if they shall believe, from the evidence, that the defendant swore he went to the store to get some whiskey, and not to set fire to or burn it, then it is their duty to consider such fact so sworn to by him, in determining the guilt or innocence of the defendant." (4.) "If the jury believe, from the evidence, that Reuben Davis told W. A. Brown that he sent the defendant to the basement of the store to get some whiskey, then they have the right to look to this statement, so made by said Davis to said Brown, not only for the purpose of contradicting said Davis, but also as a circumstance or fact tending to show that the defendant did in fact go into said basement to get some whiskey, and not to set fire to or burn said store." (5.) "If the jury believe, from the evidence, that said Davis told Brown that he sent the defendant into the basement of the store to get some whiskey, which he

[Brown v. The State.]

told defendant he had left there, then the jury have the right to look to this statement, so made by said Davis to said Brown, not only for the purpose of contradicting said Davis, but also as a circumstance tending to show whether the defendant went into the basement of said store to get some whiskey, or to set fire to or burn said store." The court refused each of these charges, and the defendant excepted to their refusal. The court then. charged the jury, *ex mero motu*, " that the said statement of said Davis, if they believe it was made to said Brown, could only be looked to as tending to show whether said Davis was worthy of credit as a witness, and in determining the weight they should attach to his testimony in this cause; and in that way alone could the jury consider it, in determining the guilt or innocence of the defendant." To this charge the defendant excepted.

No counsel appeared in this court for the defendant, so far as the record and the dockets show.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Burke v. The State*, 71 Ala. 377; *Whizenant v. The State*, 71 Ala. 383; Sess. Acts 1878-9, p. 46.

STONE, C. J.—The indictment charges that the defendant attempted, willfully and maliciously, to burn a house.—Code of 1876, § 4348. To burn such house willfully is a misdemeanor, and an attempt willfully to burn it is also a misdemeanor. The indictment charges the ownership of the house to be either in Fred Sloss or Macklin Sloss. Such form of averment is permissible under our statute—Code, § 4798—and if either of the alternative averments be proved, this sustains the averment. The City Court did not err in holding the indictment good. *Ward v. The State*, 22 Ala. 16; *Johnson v. The State*, 35 Ala. 370.

The proof tended to show that the house was the property of Fred Sloss, Macklin Sloss and A. W. Smith. The statute, approved December 4, 1878 (Sess. Acts, 46), enacts, that " when any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners." Under this statute, the variance between the averment and proof of ownership was immaterial. The first charge asked by defendant was rightly refused.

For the defense it was sought to prove by defendant himself, while giving his testimony, that he went to the house, not for the purpose of setting fire to it, but to get some whiskey. This was rightly ruled out. A witness, testifying for himself,

[Cooper v. The State.]

is not permitted to give evidence of his own uncommunicated motives or intents.—*Burke v. The State*, 71 Ala. 377; *Whizenant v. The State, Ib.* 383; *Stewart v. The State*, 78 Ala. 436. Charges two and three were rightly refused, because each of them referred to this rejected testimony, as part of the hypothesis on which it was based.

In refusing charges four and five asked by defendant, and in the charge given by the court of its own motion, the City Court did not err. What the impeaching witness swore Reuben Davis had previously told him, was admissible solely for the purpose of impeaching Reuben Davis. For all other purposes it was unsworn hearsay.

The judgment of the City Court is affirmed.