# Hilliard *v.* The State.

*Indictment for Obtaining Money by entering into Written Contract for the performance of Services with Intent to defraud.*

1. *Obtaining money under fraudulent promise for performance of services; sufficiency of indictment.*—An indictment which seeks to charge a defendant with obtaining money under false pretenses in entering into a written contract for the performance of services, as condemned by the statute, (Code, § 4730), but which fails to aver that the money received by the defendant was obtained by him from his employer, is fatally defective and will not support a judgment of conviction.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The appeal in this case is prosecuted from a judgment of conviction of the appellant, Lon Hilliard, on a trial under an indictment, which was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment, Lon Hilliard with the intent to injure or defraud Wiley Chancellor, his employer, entered into a contract in writing for the performance of an act or service, and thereby obtained sixty dollars in money, the personal property of the said Wiley Chancellor, and with like intent and without just cause and without refunding such money refused to perform such act or service, against the peace and dignity of the State of Alabama."

D. A. BAKER, for appellant.—The indictment in this case is fatally defective in that it fails to allege from whom the money the defendant is alleged to have received, was obtained.—*Dorsey v. State*, 111 Ala. 40; *Copeland v. State*, 97 Ala. 30; *Tennyson v. State*, 97 Ala. 78.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—The indictment attempts to charge an offense under section 4730 of the Code. That statute is: "*Any* person, who with intent to injure or defraud his employer enters into a contract in writing for the performance of any act or service and thereby obtains money or other personal property *from such employer* and with like intent and without just cause and without refunding such money or paying for such property, refuses to perform such act or service, must on conviction be punished as if he had stolen it." We have italicized the words of the statute in order that the defect in the indictment may be readily seen. Clearly by the language of the statute the money or other personal property must be obtained from the employer.—*McIntosh v. State*, 117 Ala. 128. And unless obtained from him, although the money may belong to such employer, the offense de-

nounced by the statute has not been committed.   Applying this principle to the indictment under consideration, we are constrained to hold it fatally defective.

Reversed and remanded.

| 137 | 91 |
| 137 | 96 |

