[Pabst Brewing Co. v. Erdreich Bros. & Marx.]

# Pabst Brewing Co., *v.* Erdreich Bros. & Marx.

*Assumpsit.*

(Decided Nov. 19, 1908. Rehearing denied Feb. 5, 1909.
48 South. 396.)

1. *Judgment; Recitals; Conclusion.*—The recital in the judgment entry that the trial was had on issue joined on defendant's plea of tender is conclusive and excludes all presumption of joinder of issue on any other plea.

2. *Appeal and Error; Harmless Error.*—Where, under the judgment entry it is presumed that pleas other than the one on which issue is joined, is abandoned, error in sustaining demurrers to such other pleas is harmless.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Pabst Brewing Company against Erdreich Bros. & Marx for breach of contract and assumpsit. From a judgment for defendants, plaintiff appeals. Affirmed.

The complaint sets up a contract between the parties, and alleges a breach thereof and damages in the sum of $2,000. There is also a count for an account due in the same amount. The fourth plea is that before the bringing of the suit the defendants tendered to plaintiff the amount due, towit, $301.54, and now bring this amount into court. There were numerous other pleas, and demurrers thereto, on which error is assigned. What is said as to the joinder in issue sufficiently appears in the opinion. The court adjudged plaintiff entitled to receive the amount tendered, sustained defendaants' plea of tender, and taxed the cost against plaintiff.

BROWN & MURPHY, for appellant. The 7th plea is governed by the rules relative to accord and satisfaction and should aver that appellant accepted the car of

empty bottles and the cash or merchandise mentioned therein, at and for the sum stated.—1 Ency P. & P. 77. The plea did not show an account stated.—*Goodwyn v. Harrison,* 6 Ala. 438; *Loventhal v. Morris,* 103 Ala. 332. The court erred in sustaining demurrer to the replication to the plea.—Authorities supra. Evidence of accord and satisfaction is not admissible unded a plea of payment.—*Smith v. Elrod,* 122 Ala. 169. Estoppel to be taken advantage of must be pleaded.—*Hall v. Henderson,* 126 Ala. 449. The court erred in the admission of the letters, receipts, etc.—*O'Connor M. & M. Co. v. Dickson,* 112 Ala. 305; *White v. Tolliver,* 110 Ala. 300.

M. M. ULLMAN, for appellee. The principal is bound by the acts of the agent. The judgment entry is conclusive that there was a joinder of issue only on the plea of tender, and it will be presumed that the other pleas were abandoned.—*Wefel v. Stillman,* 40 South. 203; *Burgin v. Sullivan,* 40 South. 202; *S. L. & S. F. Ry. Co. v. Douglass,* 40 South. 678; *Comer v. May,* 107 Ala. 300. The defendants proved the facts alleged in the 7th plea. —*Wright v. K. C. M. & B. R. R. Co.,* 43 South. 480. Counsel discuss the other assignments of error, but without citation of authority.

DOWDELL, J.—The case was tried by the court without the intervention of a jury. The judgment entry recites that the trial was had on "issue joined on the defendants' plea of tender." This recital in the judgment entry is conclusive, and excludes all presumption of joinder of issue on any other plea.—*Dannelley v. State,* 130 Ala. 132, 30 South. 452.

Plea numbered 4, which is in the form prescribed in Code 1907, p. 1202, form No. 36, is properly the only plea of tender in the record. The evidence without dis-

[Dickerson v. Finley.]

pute supported the plea, and on this issue, under the evidence, the court could not have done otherwise than render judgment in favor of the defendants. On the recital in the judgment entry, it will be presumed that all other pleas were abandoned; and as to the overruling of plaintiff's demurrers to pleas of defendants that were afterwards abandoned by the defendants, if erroneous, such error would be harmless.

We find no reversible error in the rulings of the court in the admission of evidence. The judgment is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, J.J., concur.

