[Talley v. The State.]

# Talley *v.* The State.

## *Abusive or Insulting Language.*

(Decided December 13, 1915. 68 South. 567.)

1. *Evidence; Motive or Intent.*—A defendant cannot testify that he meant nothing offensive in the language used to a woman; such testimony going to his mental state which was for the determination of the jury.

2. *Abusive Language; Evidence.*—Where the prosecutrix was a white woman and the defendant a negro man, and the offense charged was using obscene and insulting language to a woman, evidence that the prosecutrix had been on previous friendly terms with the defendant was admissible on the question of the punishment to be imposed, in case of conviction.

3. *Witnesses; Corroboration.*—Where the character of the prosecutrix was attacked, and she brought forward witnesses as to her good character, it was not competent for their evidence to be bolstered up by proof that the prosecutrix was a member of the church.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Budd Talley was convicted of using abusive, insulting or obscene language in the presence or hearing of a woman, and he appeals. Reversed and remanded.

LAWRENCE E. BROWN, for appellant. When the intent is the material issue in the case, a party may be asked the direct question as to what was his intent at the particular time.—115 Ill. App. 549; 63 Md. 239; 69 N. Y. 101; 62 Wis. 251; 8 Fed. 231; 153 Mass. 148. The court was in error in permitting it to be shown that the prosecutrix was a member of the church.—*Tarkington v. The State,* 40 South. 163; *Melbourne v. The State,* 40 South. 190. The defendant was entitled to the affirmative charge.—*Bailey v. Ala.,* 219 U. S. 219.

W. L. MARTIN, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—"Whatever be the rule elsewhere, it is well settled in this state that witnesses are not permitted to testify to their motive, belief, or intention, when secret and uncommunicated; such mental status, when relevant, being a matter of inference to be determined" by the jury from all the facts and circumstances of the case.—*Brown v. State,* 7 Ala. App. 28, 61 South. 13; *Harris v. State,* 8 Ala. App. 33, South. 477; *Hardin v. State,* 8 Ala. App. 215, 63 South. 18; *McCormick, et al. v. Joseph, et al.,* 77 Ala. 240, and cases cited in the report of this case in 48 Ala. Reports Annotated. Consequently, the court committed no error in declining to permit the defendant to testify in his own behalf that he meant nothing offensive by the words that had been attributed to him by the prosecutrix as having been used by him to her on meeting her alone in the road on the occasion in controversy, as this was a question for the jury, to be determined by them from the words used, in the light of the place, facts, and circumstances of their use.—*Wiley v. State,* 10 Ala. App. 249, 65 South. 204; *Jackson v. State,* 137 Ala. 89, 34 South. 611; *Myers v. State,* 84 Ala. 11, 4 South. 291.

If the jury believed beyond a reasonable doubt that the words were in fact used and were intended by the defendant as an indecent proposal to the prosecutrix, and that she so understood it, and that such proposal was made without her invitation or consent, then there was no alternative but to convict him, however friendly may have been her previous attitude towards him and however agreeable to her may have been his previous association with her; but, in fixing the amount of the punishment for the offense, which was a matter resting within the sound discretion of the jury, they were entitled to know of her previous friendly attitude towards him and of her previous friendly association with him—

she being a white woman and he a negro man—since we apprehend that ordinarily a jury of reasonable men would not be disposed to inflict as severe a punishment upon a negro man for making an indecent proposal to a white woman when her previous attitude towards him had been such as was calculated to lead one to believe that such proposal might possibly not be resented than when her attitude towards him had been so circumspect that he must surely know that such proposal would be an insult of the highest character and of the gravest magnitude.—*Golson v. State,* 86 Ala. 601, 5 South. 799; *McQuirk v. State,* 84 Ala. 435, 4 South. 775, 5 Am. St. Rep. 381; *Allen v. State,* 87 Ala. 107, 6 South. 370. The court, therefore, erred, we think, in not permitting the defendant to show the previous attitude of the woman towards the defendant.

The court likewise erred in permitting the state to show that the woman was a member of the church. The defendant, it is true, sought, as was undoubtedly his right, to impeach her testimony by showing that she was of general bad character; and the state had a right to rebut this evidence by showing by its witnesses, as it did do, that she was a woman of general good character; but it had no right to bolster that testimony up by also showing by these witnesses that she was a member of the church.—*Hussey v. State,* 87 Ala. 121, 6 South. 420. The law does not allow character to be proved in this way. Character cannot be shown by proof of particular acts of good or bad conduct, but only by proof of general reputation; that is, what a person's neighbors say about him or her, and how he or she is generally accepted and regarded in the community. —*Hussey v. State,* 87 Ala. 121, 6 South. 420; *Watson v. State,* 181 Ala. 53, 61 South. 334; *Maxwell v. State,* 11 Ala. App. 53, 65 South. 732.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.