(82 South. 630)

## HOLCOMBE v. STATE. (6 Div. 554.)

(Court of Appeals of Alabama. June 17, 1919.)

**1. CRIMINAL LAW ⊜⇒448(11)—EVIDENCE—APPEARANCE.**

It is permissible to testify that a person was "angry looking."

**2. CRIMINAL LAW ⊜⇒693 — OBJECTIONS TO QUESTIONS—TIME.**

Objection to question not made till after answer is too late.

**3. CRIMINAL LAW ⊜⇒695(5)—OBJECTIONS TO QUESTIONS—WAIVER OF OTHERS.**

Objection to question on enumerated grounds waives other grounds.

**4. WITNESSES ⊜⇒240(4)—LEADING QUESTION.**

Question, "Did defendant say that this is the spirit level that he * * * hit * * * with?" is not objectionable as leading.

**5. CRIMINAL LAW ⊜⇒406(5).—EVIDENCE—ADMISSIONS.**

Question, on trial for assault with intent to kill, whether defendant told witness a spirit level was the article with which he hit does not call for immaterial, irrelevant, or incompetent evidence.

**6. CRIMINAL LAW ⊜⇒390 — EVIDENCE — INTENT.**

Defendant, prosecuted for assault with intent to kill, may not state what his intent was; that being an inferential fact for the jury to determine from what was done.

**7. CRIMINAL LAW ⊜⇒807(1) — REQUESTED CHARGES—ARGUMENTATIVENESS.**

Requested charges on a prosecution for assault with intent to murder as to provocation and action under sudden passion *held* argumentative.

**8. CRIMINAL LAW ⊜⇒755 — REQUESTED CHARGES—INVADING JURY'S PROVINCE.**

Requested charges on a prosecution for assault with intent to murder as to provocation and action under sudden passion *held* to invade province of jury.

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Edd Holcombe was convicted of assault with intent to murder, and appeals. Affirmed.

Mr. Turley was asked:

"Did the defendant say to you that this is the spirit level that he used on Bellah, or that he hit Mr. Bellah with?"

The defendant objected on the grounds that it was leading, that it called for immaterial, irrelevant, incompetent, and illegal evidence, and that it called for a declaration of the defendant before the defendant was put on the witness stand.

The following charges were refused the defendant:

(1) The court charges you that if you believe that the witness Bellah assaulted the defendant at the time charged in the indictment, and that by reason of said assault the defendant's passion was suddenly aroused, and that the defendant acted under such passion, then you cannot find the defendant guilty of the charge of assault with the intent to murder, but only of a simple assault and battery.

(2) If you believe from all the evidence in this case that the witness Bellah struck at the defendant, or attempted to strike the defendant, and that such stroke or attempt was a sufficient provocation to suddenly arouse the passion of the defendant on the occasion in evidence, and the defendant was acting on the impulse created by such passion suddenly aroused, you cannot find the defendant guilty of the charge of assault with intent to murder.

Kelton & Son, of Oneonta, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for appellee.

BRICKEN, J. At the spring term, 1918, of the circuit court of Blount county, the defendant was indicted for the offense of assault with intent to murder, the injured party, or the party assaulted being one Bellah. At the following September term of said court the defendant was tried upon said indictment, was convicted as charged, and a sentence of five years' imprisonment in the penitentiary imposed upon him. From this judgment, he appeals.

The evidence for the state tends to show that shortly previous to the difficulty the defendant caused a piece of mail matter to be deposited in the post office at Oneonta. This matter was insufficiently stamped, and was sent to Washington, as required by the rules of the Post Office Department. This apparently angered the defendant, and on the morning of November 28, 1917, as Bellah, who was the postmaster, was coming down the street in Oneonta, the defendant, who, it was contended, was on the lookout for him, and had made inquiry as to whether he had passed or not, stepped out from behind one of the brick pillars of the new garage, the place where he was working, and at the time he had a spirit level in his hand, and called to Bellah to stop. Instead of doing so he (Bellah) attempted to walk around the defendant, and, observing that he was very angry, asked the defendant, "What in the world is the matter with you?" whereupon the defendant replied, "God damn you; I'll show you what is the matter;" and he thereupon struck the postmaster (Bellah) a very heavy blow with the spirit level. The blow was a severe one; it being sufficient to crush in both sides of a gold watch carried by Mr. Bellah at the time. The blow felled him to the ground, whereupon Bellah got up and ran out towards the middle of the street, or across the street, looked back, and saw the defendant was pursuing him with the spirit level still in his

hand. He ran into the garage, at which time defendant struck him again in the small of the back with the level and knocked him down again. Bellah testified that at this time, as a result of the blow, he was unable to move; and the state's testimony tended to show that the defendant started to kicking him in the side, and on the head while he was lying helpless, and raised the spirit level again in the attempt to inflict further injury upon him, but was at this juncture prevented from so doing by an outsider, who caught the defendant and took the spirit level away from him. It was shown that this spirit level was some three or four feet long, and weighed about eight pounds.

The defendant introduced no evidence except his own statement, in which he admits that Mr. Bellah was running from him, and that he, the defendant, was about eight ·or ten feet behind him (Mr. Bellah), that he was pretty close, and that he threw the level at him and hit him in the back, and he stumbled and fell and "hollered and tried·to scramble under a car there," etc.

In addition to this admission, there is a total lack of evidence, other than that of the defendant, that shows any justification for the very serious assault that was committed upon Mr. Bellah, and the testimony of Dr. Denton tended to show that such an assault, inflicting the injuries described, might produce death.

There were several exceptions to the rulings of the court on the admission and rejection of the evidence. We have examined each of the rulings of the court, and are of the opinion that no error appears which injuriously affected the substantial rights of the defendant.

[1, 2] Under well-recognized rules, it is permissible for a witness to testify that a person was "angry looking." Jenkins v. State, 82 Ala. 25, 2 South. 150; Miller v. State, 107 Ala. 40, 56, 19 South. 37; B. R. & E. Co. v. Franscomb, 124 Ala. 621, 27 South. 508; Thornton v. State, 113 Ala. 43, 21 South. 356, 59 Am. St. Rep. 97; Barlow et al. v. Hamilton, 151 Ala. 634, 44 South. 657; Long v. Seigel, 177 Ala. 338, 58 South. 380. Furthermore, the objection was not made until after the witness Bains had testified, "I saw Mr. Holcombe come in, angry looking." The objection therefore came too late.

[3-6] The court did not err in overruling the objection to the question propounded to the witness Turley, as the grounds stated in the objection amounted to a waiver or an abandonment of all other grounds, and the question was clearly not subject to any of the grounds of objections which were assigned. Birmingham Fuel Co. v. Stocks, 14 Ala. App. 136, 68 South. 568.

There was no error in the ruling of the court in not permitting the defendant to state what his intent was. The law presumes that every person intends to do what he does, and that the natural, necessary, and probable consequences of his acts were intended. It has been repeatedly held that intention or motive is an inferential fact for the jury to determine, and cannot be testified to by a witness or by a defendant. McElroy v. State, 75 Ala. 9; Burke v. State, 71 Ala. 377; Whizenant Case, 71 Ala. 383; Brown's Case, 79 Ala. 51; Talley v. State, 12 Ala. App. 314, 68 South. 567.

[7, 8] Charges 1 and 2, requested by the defendant were properly refused. These charges were argumentative, and were also an invasion of the province of the jury. The principles of law undertaken to be embodied in these charges were fairly and substantially covered by the oral· charge of the court and by the given charges requested by the defendant.

No error of a reversible nature appearing in the record, the judgment of the circuit court is affirmed.

Affirmed.