(92 South. 241)

### THOMAS v. STATE.    (6 Div. 793.)

(Court of Appeals of Alabama.   June 21, 1921.
Rehearing Denied Nov. 15, 1921.)

**1. Criminal law ⬯1111(2)—Recital in judgment entry of issue held conclusive, and to exclude presumption of joinder on any other plea.**

Although the record shows that defendant filed a plea of not guilty, and not guilty by reason of insanity, where the judgment entry shows that the defendant, for plea to the indictment, "says he is not guilty in the manner and form charged therein, and issue being joined thereupon, comes also a jury," etc., such recital is conclusive, and excludes all presumption of joinder of issue on any other plea.

**2. Homicide ⬯339—Exclusion of evidence that deceased and defendant's wife had been seen together held not prejudicial, where numerous witnesses' testified thereto.**

In a murder prosecution, where numerous witnesses testified that deceased and defendant's wife had been seen together on several occasions, *held*, that the defendant was not prejudiced because, after deceased's wife had testified that she had seen the wife of the defendant and deceased together, the court withdrew this evidence, where numerous witnesses testified at length during the trial as to the relations between deceased and defendant's wife.

**3. Homicide ⬯268—Whether defendant's remaining in hiding was to protect himself from a posse or from consciousness of guilt was for the jury.**

Where the evidence discloses that the defendant secreted himself for several days after the homicide and then surrendered, and the record contains testimony that defendant was informed, soon after the homicide, that an armed posse was searching for him, it was for the jury to say whether his hiding was from consciousness of guilt or for purpose of protecting himself.

**4. Homicide ⬯339—Exclusion of evidence as to relations between defendant's wife and deceased held not reversible error, in view of testimony admitted.**

In a murder prosecution, sustaining of state's objections to questions propounded by defendant to certain witnesses seeking to elicit testimony to the effect that defendant was married and as to whom he married, and conditions under which he left his wife, *held* not reversible error, where the only material matter was whether defendant was married, and the relations between his wife and deceased, all of which were brought out; the state's theory being that the relation was voluntary on the part of defendant's wife, and the defendant's theory being to the contrary.

**5. Homicide ⬯339—Exclusion of evidence held not reversible error.**

In a murder prosecution, where the testimony shows affirmatively that defendant's wife employed deceased to take her to her father's home on the morning of an alleged criminal assault, the defendant was not injured by the court's refusal to admit such evidence at that particular point in trial, particularly since testimony was offered tending to show that, immediately after being told that deceased was again annoying defendant's wife, the defendant went to the home of the deceased.

**6. Criminal law ⬯390, 413(1)—Homicide ⬯269—Defendant's testimony and statement as to motive held inadmissible, and question was for the jury.**

In a murder trial, defendant had no legal right to offer testimony as to his uncommunicated motive or intention in killing the deceased, the motive being a matter for the jury's determination upon consideration of all the evidence, and a statement by defendant relating thereto would be merely a self-serving declaration.

**7. Criminal law ⬯448(12), 450—Defendant's testimony as to effect on him of the report made to him held a conclusion, and invading the jury's province.**

In a prosecution for homicide, defendant's statement concerning the report to him by his wife, "It tore me all to pieces," *held* clearly a conclusion of the witness, and properly excluded, for, where the jury had before it what that report was and what the defendant did, it was for them to decide the effect of the report on defendant.

**8. Witnesses ⬯277(2)—Overruling defendant's objection to cross-examination as to why he went to deceased's home held not error.**

In a homicide trial, it was not error to overrule objection to the question propounded to a defendant on cross-examination as to why he went to deceased's place, since a wide latitude is to be allowed in cross-examining a defendant.

**9. Homicide ⬯158(2)—Witnesses ⬯404—Where defendant denied making threats, it was proper to admit testimony thereof.**

Where defendant denied that he made threats against deceased on Sunday before the shooting on Tuesday, it was proper to permit the state to introduce evidence tending to impeach the defendant's testimony and to show such threats.

**10. Homicide ⬯165—Admission of evidence to show that supposed relation between deceased and defendant's wife was voluntary on her part held proper.**

In a murder prosecution, it was proper for the state to offer evidence to show that the supposed relation between defendant's wife and deceased was voluntary on her part, and that the testimony of defendant and his wife to the contrary was untrue, and contrived merely for the purpose of a defense, where the defendant had offered testimony that deceased had imposed on and mistreated defendant's wife.

**11. Witnesses ⬯37(4)—Witness' knowledge of deceased's character is a necessary predicate to testimony on that subject.**

In a murder prosecution, defendant had no right to prove the character of the deceased

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by what a witness had heard others say about him after he was killed.

**12. Witnesses ☞268(9)—Overruling objection to cross-examination of defendant's wife as to automobile rides with deceased held not error.**

In a murder trial, where defendant introduced evidence of an improper relationship between deceased and defendant's wife, *held*, that there was no error in overruling objection to a question asked defendant's wife on cross-examination as to whether she told her husband about certain things, and of going with deceased in his car, since wide latitude must be allowed on cross-examination.

**13. Homicide ☞165—Testimony as to conversation between deceased and defendant's wife held properly admitted on issue of whether their relation was voluntary on her part.**

In a murder prosecution, where a witness testified that on one occasion he saw defendant's wife get in a car with deceased, go down the road a short distance, and turn and come back, and he was asked if he heard any conversation between them, the defendant's objection to this question was properly overruled, since such evidence was material on the issue of whether defendant's wife's relation with deceased was a voluntary one.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Virgil Thomas was convicted of murder in the second degree, and he appeals. Reversed and remanded, on mandate in 207 Ala. 244, 92 South. 244.

B. M. Allen, of Birmingham, and Geo. W. Darden, of Oneonta, for appellant.

The court was in error in its oral charge as to the plea of insanity. 167 Ala. 14, 52 South. 840; 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193; 139 Ala. 16, 36 South. 1012. Counsel discuss numerous other assignments of error, but without further citation of authority. On rehearing counsel insists that the issue of not guilty by reason of insanity was an issue in the case. 146 Ala. 259, 40 South. 971; 204 Ala. 547, 86 South. 389; 185 Ala. 597, 64 South. 341.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The issue of insanity was eliminated, or, if not eliminated, waived. 202 Ala. 107, 79 South. 503; 17 Ala. App. 343, 84 South. 784; 17 Ala. App. 456, 85 South. 840; 158 Ala. 147, 48 South. 396. Motive is a matter to be determined by the jury. 17 Ala. App. 91, 82 South. 630. Knowledge of character is a necessary predicate. Testimony thereof. 139 La. 153, 71 South. 351.

BRICKEN, P. J. From a judgment of conviction for murder in the second degree this appeal is taken.

[1] The record shows that the defendant filed a plea of not guilty, and not guilty by reason of insanity. According to the judgment entry, however, the defendant, for plea to the indictment, "says he is not guilty in the manner and form charged therein, and, issue being joined thereupon, comes also a jury," etc. This recital in the judgment entry is conclusive, and excludes all presumption of joinder of issue on any other plea. Dannelley v. State, 130 Ala. 132, 135, 30 South. 452; Jackson v. State, 142 Ala. 55, 37 South. 920; Prov. Saving Life Ins. Society v. Pruett, 157 Ala. 540, 546, 47 South. 1019; Pabst v. Erdreich Bros. & Marx, 158 Ala. 147, 48 South. 396; Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 601, 64 South. 341.

[2] The testimony of numerous witnesses was to the effect that deceased and defendant's wife had been seen together on several occasions. The defendant was not, therefore, in any way prejudicially affected by reason of the fact that, after deceased's wife had testified that she had seen the wife of defendant and deceased together, the court withdrew this evidence from the jury, instructing the jury not to consider it for any purpose. 4 Mich. Dig. p. 577, § 777; 13 Mich. Ala. Dig. p. 823, § 777. Moreover, there was nothing at this juncture of the trial to render such evidence admissible. Numerous witnesses testified at length as to the relations between deceased and defendant's wife, and appellant was not in any way injured to his prejudice by reason of the fact that those matters were not brought out at the particular points referred to in appellant's brief. Authorities supra.

[3] The record contains testimony to the effect that defendant secreted himself for several days after the homicide and then surrendered. The record also contains testimony to the effect that appellant was informed, soon after the homicide, that an armed posse was in search for him. It was therefore for the jury to say for what reason defendant was in hiding, whether from a consciousness of guilt, or for the purpose of protecting himself from the posse. Montgomery v. State, ante, p. 213, 91 South. 630.

[4] Numerous assignments of error appear in the record, relating to rulings by the court in sustaining the state's objections to questions propounded by defendant to certain witnesses, which sought to elicit testimony to the effect that appellant was married; as to when he married, the conditions under which he left his wife and returned to her, etc. Most, if not all, of these matters were brought out at other points, and such as were not were immaterial. The only material inquiry was whether defendant was married, and the relations between his wife and deceased, all of which was brought out;

the state's theory on this subject being that the relation was a voluntary one on the part of defendant's wife, and defendant's theory to the contrary. A great deal of testimony went to the jury on this point, and the two theories were fully presented to the jury, whose duty it was to determine what the facts were.

[5] The testimony shows affirmatively that defendant's wife did employ deceased to take her to her father's home on the morning of the alleged criminal assault upon her. The appellant was therefore not injured by the refusal of the court to admit such evidence at the particular point referred to in appellant's brief. Authorities supra.

Testimony was offered tending to show that, immediately after being told that deceased was again annoying defendant's wife, the defendant left home and went to the home of deceased. A great deal of testimony was also admitted to the effect that there had been trouble between defendant and deceased prior to the killing, and that defendant was at home on Monday, preceding the killing on Tuesday, and that defendant saw his wife on the day of the killing. Defendant was therefore not injured to his prejudice by reason of the fact that such testimony was not admitted at any particular juncture of the trial.

[6] Defendant had no legal right to offer testimony as to his motive for killing deceased, as testimony as to an uncommunicated motive or intention is not admissible. The motive was a matter for the determination of the jury, upon a consideration of all the testimony showing the facts. Holcombe v. State, 17 Ala. App. 91, 82 South. 630. A statement by defendant as to the motive would have been a self-serving statement by him, and would have been making testimony for himself, which is not permissible under the rules of evidence.

[7] Defendant's statement that the report to him by his wife, "It tore me all to pieces," was clearly a conclusion of the witness, and was properly excluded by the court. The jury had before it what that report was, and what defendant did, and it was for the jury to determine from this evidence the effect which the report had upon defendant.

[8] There was no error in the action of the court in overruling defendant's objection to the question propounded by the solicitor to defendant on cross-examination as follows: "What did you go to Doen Hanson's for?" A wide latitude is allowed in the cross-examination of a defendant, in which the court is permitted to exercise its discretion. Moreover, the answer was favorable to defendant.

[9] The state offered evidence tending to show that defendant made certain threats against deceased on Sunday before the shooting occurred on Tuesday. Defendant denied making such threats. The court properly permitted the state to introduce this testimony, tending, as it did, to impeach the testimony of defendant, and for the purpose of showing threats by him against deceased. The details of a difficulty were not involved. In fact, we do not find any testimony in the record to the effect that there was a difficulty, but merely testimony to the effect that defendant made a threat that he would kill deceased in less than two days, which was denied by defendant.

[10] The court properly permitted the state to offer testimony for the purpose of showing that the supposed relation between the wife of defendant and deceased was a voluntary relation so far as she was concerned, and that the testimony of defendant and his wife, to the contrary, was untrue, and contrived merely for the purpose of basing a defense upon it. Defendant offered testimony to the effect that deceased had imposed upon and mistreated defendant's wife, and the state had the right to present its evidence to the contrary to the jury, so that the jury might weigh the evidence and determine from it which version was the correct one.

[11] Defendant had no right to prove the character of deceased by what witness had heard others say about him after he was killed. The only way the witness could properly testify on this subject was from his knowledge of deceased and the reputation which he had in the community. Knowledge of deceased's character is a necessary predicate. De Arman v. State, 71 Ala. 351, 360. General discussion of deceased's character was not enough. It might have been a general discussion between two persons.

[12] There was no error in overruling defendant's objection to the question asked defendant's wife on cross-examination:

"When you told your husband about these things Sunday morning, did you tell him that, when Doen Hanson would be at Hayden with his car, you would get in his car and go riding with him, and be gone an hour or an hour and a half a day?"

A wide latitude is permitted on the cross-examination of witnesses, the same being in the discretion of the trial judge, and we do not think that discretion was abused.

[13] A witness for the state testified that on one occasion he saw defendant's wife get in the car of deceased, and go down the road a short distance, and turn and come back. He was then asked if he heard any conversation between them when they came back. The defendant's objection to this question was properly overruled. The testimony here sought was material on the issue as to whether defendant's wife's relation with deceased was a voluntary one. What, if anything, was said at that time, would tend to throw light on that issue.

We are of the opinion that the oral charge

of the court was a full and fair statement of the law in the case and free from error, and that the special written charges refused to defendant were properly refused, as such of them as contained proper statements of the law were fairly and substantially covered by the oral charge of the court.

As no error of a reversible nature appears in any of the rulings of the court complained of, and as the record is free from error also, it follows that the judgment of the lower court must be affirmed.

Affirmed.

### On Rehearing.

The contention of the appellant that he has been denied the benefit of the right of review of the rulings of the trial court arising under the special plea of "not guilty by reason of insanity for the reason that the judgment entry makes no mention of the fact that this plea was an issue," is not well taken. It is true that this correct statement of law is contained in the original opinion, but as will be seen from the opinion, such statement was not necessary to the opinion and conclusion. To the contrary this court has dealt with the material rulings of the court below on the trial of this case, and adheres to the conclusion that no error of a prejudicial nature appears. It is manifest that the issue tendered by this plea was considered throughout the entire trial and was duly submitted to the jury. The court's rulings in this connection appear to be free from error and as no error prejudicial to the substantial rights of the defendant appears, the motion here made to set aside the opinion and grant a rehearing must be denied.

Motion denied. Application for rehearing overruled.

PER CURIAM. March 7, 1922. Reversed and remanded in accordance with the mandate of the Supreme Court in Ex parte Virgil Thomas v. State, 207 Ala. 244, 92 South. 244.