178 So. 240

## SMITH v. STATE.

### 6 Div. 231.

Court of Appeals of Alabama.

Jan. 11, 1938.

St. John & St. John, of Cullman, for appellant.

BRICKEN, Presiding Judge.

The indictment charged the defendant with the offense of an assault with intent to murder; in that, he unlawfully and with malice aforethought, did assault Paul Alexander, with the intent to murder him, etc. Upon the trial, in the court below, he was convicted as charged, the jury returned the verdict: "We the jury find the defendant guilty of assault with intent to murder as charged in the indictment." Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

After a careful consideration of the entire record, we are of the opinion that the case was tried in a fair and impartial manner, it appearing conclusively that the learned trial judge accorded to the accused his every legal right and in no instance were such rights erroneously infringed.

From the evidence adduced upon the trial, defendant admittedly inflicted upon Alexander, the alleged injured party, several severe and dangerous wounds by cutting and stabbing him with a knife. The testimony as to the difficulty was in sharp conflict, making questions for the jury to determine under the instructions from the court. The evidence for the state tended to show that the appellant was the aggressor throughout. That with opprobrious words and abusive language, armed with an open knife he brought on the difficulty resulting, as aforesaid, in the infliction by him of serious and dangerous wounds upon the person named in the indictment. The testimony for the defendant was to the contrary, and tended to show that Earl Alexander, brother of Paul, started the difficulty and that Paul went to the rescue of his brother and was thereupon wounded by having been cut and stabbed with a knife by this appellant.

In the court's oral charge, as well as numerous special written charges, given at the request of defendant, it was clearly stated that the jury should consider and weigh all the testimony in the case, and accord thereto such probative force as in their judgment, after due deliberation, it was entitled to; to ascertain and determine which of the combatants was the aggressor and brought on the difficulty, and further from the facts adduced, with what intent did the accused inflict the wounds upon Paul Alexander. The instructions thus given to the jury were full, fair, and complete and covered every phase of the law involved in this case.

As to intent: The law presumes that every person intends to do that which he does, and that the natural, necessary, and probable consequences of his acts were intended. It has been consistently held that intention or motive is an inferential fact for the jury to determine, and cannot be testified to by a witness or by an accused. Williams v. State, 13 Ala. App. 133, 69 So. 376; Holcombe v. State, 17 Ala.App. 91, 82 So. 630; Lawman v. State, 18 Ala.App. 569, 93 So. 69. Under the foregoing authorities, the court properly declined to let the defendant answer the question propounded to him by his counsel, viz., "Did you intend to kill Paul Alexander?"

As no attempt was made by the state to show flight of the defendant, the court properly sustained the state's objection to the question, likewise propounded: "Did you at any time leave the community from around your home there?"

Numerous other exceptions were reserved to the court's ruling upon the admission and rejection of testimony. Each of these exceptions has been considered. In our opinion, the substantial rights of the accused were in no manner infringed in any of the rulings complained of; to the contrary, it affirmatively appears the court allowed the accused full latitude to present his every defense to the accusation, and the wide scope permitted in this connection was more favorable to the defendant than the strict rules of evidence provide.

Such of the refused charges, as properly stated the law, were fairly and substantially covered by the oral charge of the court, and by the given charges requested by defendant, and under the stat-

 

ute, Code 1923, § 9509, this rendered the refusal of any correct charge to be without error.

We find no error of a reversible nature in any of the rulings of the court complained of, and the record is free of error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.