# Blalock *v.* The State.

## Stock at Large.

(Decided June 21, 1913. Rehearing denied July 8, 1913. 63 South. 26.)

1. *Animals; Stock at Large; Evidence.*—The evidence in this case examined and held sufficient to authorize and sustain a finding by the jury that the defendant knowingly permitted his stock to run at large in a stock law district.

2. *Same; Instruction.*—A charge asserting that a person not living in a stock law district has the right to permit his stock to run at large, and is not required to keep a guard to prevent them from going into a stock law district, and that defendant would not be guilty unless he had knowledge that his stock were at large in the stock law district at the time charged in the indictment, was properly refused as being argumentative and misleading, if not otherwise objectionable.

3. *Trial; Argument of Counsel.*—The remarks of counsel considered and held not a statement of fact, but an argument illustrating the consequences that might result from the failure of the jury to do its duty, and hence, not erroneous.

(Thomas, J., dissenting in part.)

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

John W. Blalock was convicted of allowing stock to run at large in a stock law district, and he appeals. Affirmed.

The following is charge 2: "A person not living in a stock law district would have the right to let his stock run at large in such district, and he would not be required to keep a guard with his stock, to prevent them from going into a stock law district; that would be a burden placed on defendant not contemplated by law, and unless you believe beyond all reasonable doubt that the defendant had knowledge that at the particular time covered by the indictment his stock were running at large in the stock law district, you will find the defendant not guilty." The remarks of the solicitor were as follows: "If you turn this man loose, it will be a license for all them people up there in beat 24 to turn their stock out."

HUGH REED, for appellant. The evidence was not sufficient to authorize a conviction.—Acts 1909, p. 41; *Vaughan v. Walker,* 133 Ala. 659; *Jones v. Hines,* 157 Ala. 624; *Wheeler v. State,* 111 Ala. 248; *Price v. U. S.,* 165 U. S. 311; *Pugh v. State,* 58 South. 936; *Jordan v. State,* 59 South. 710. Under the authorities the charges requested should have been given. The court was in error in not excluding the solicitor's argument.—*Roden v. State,* 58 South. 72.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The cause should be affirmed on the authority of *Pugh v. State,* 4 Ala. App. 144.

PELHAM, J.—The defendant was convicted of unlawfully and knowingly permitting stock to run at large in a stock law district. He contends that the evidence was insufficient to justify a conviction. The defendant lived in a beat adjacent to the stock law district, and

it was shown by the state's witnesses, and admitted by the defendant on cross-examination, that on three occasions he had been notified of the depredations of his hogs at this place in the stock law district, and that twice before he had been called upon to settle damages on this account. The evidence, we think, was sufficient to afford a basis for the finding of the jury that the defendant, as charged in the indictment, unlawfully, knowingly permitted his stock (hogs) to run or be at large in a stock law district, or territory, wherein live stock are prohibited by law from running at large.

Charge No. 2, refused to the defendant, might well have been refused for its argumentative and misleading tendency, even if otherwise unobjectionable.

The excerpt from the argument of the solicitor set out in the bill of exceptions, to which objection was offered, and to exclude which a motion was made, cannot be taken to mean more, when construed in connection with the evidence, than that it was the duty of the jury to convict the defendant, if the evidence was sufficient, for the purpose of deterring others from committing similar offenses. This is one of the objects sought to be attained by the enforcement of the criminal laws and punishment of offenders against it. At most it could be deemed no more than an argument, intended to illustrate the evil consequences that might result from a failure of the jury to do their duty in the premises if the evidence was sufficient to authorize a conviction. It does not appear from the isolated excerpt set out that the solicitor was asserting any fact, and it is not error to refuse to exclude the argument of counsel, although not strictly pertinent, when no fact is asserted, but simply an inference is drawn and argument made thereon.—*L. & N. R. R. Co. v. Perkins*, 165 Ala. 471, 51 South. 870, 21 Ann. Cas. 1073.

[Smith v. The State.]

We find no reversible error in the record, and the judgment of the lower court is affirmed.

Affirmed.

THOMAS, J., dissents as to what is said as to the argument of the solicitor, being of opinion that it should work a reversal.

