## GANUS v. STATE.    (6 Div. 170.)

(Court of Appeals of Alabama. May 29, 1923.
Rehearing Denied June 26, 1923.)

**1. Criminal law &lowast;&rarr;730(1)—Trial court's refusal to order mistrial on account of solicitor's remark held not error.**

Where the trial court instructed the jury not to consider solicitor's remark that "it is cowardly to make an innuendo and not back it up," but refused to order a mistrial, there was no error.

**2. Criminal law &lowast;&rarr;364(4) — Admission made after commission of crime admissible as part of res gestæ.**

In a prosecution for manufacturing intoxicating liquors, an admission made by defendant at the time he was engaged in pouring the manufactured product of a still into a keg is admissible as part of the res gestæ.

**3. Criminal law &lowast;&rarr;423(5)—Admission made by defendant's partner in commission of crime admissible against defendant.**

Where there was evidence tending to show a joint ownership, operation, and possession of a still by defendant and two other partners, admissions made at the time and place where the distilling was being done, and in the presence of each other, were admissible against defendant, whether the admission was made by him, or one of his partners.

**4. Intoxicating liquors &lowast;&rarr;236(19) — Evidence of still in operation held to establish corpus delicti.**

In a prosecution for manufacturing intoxicating liquors, evidence that there was a still in operation at the place designated establishes the corpus delicti.

**5. Criminal law &lowast;&rarr;419, 420(3)—Evidence as to who gave information regarding crime held hearsay.**

In a prosecution for manufacturing intoxicating liquor, evidence as to who gave information regarding the still was properly excluded as hearsay.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

J. Pink Ganus was convicted of violating the prohibition law, and appeals. Affirmed.

F. F. Windham, of Tuscaloosa, for appellant.

The court erred in refusing to grant a new trial, in view of the argument of the solicitor. Guin v. State, ante, p. 67, 94 South. 788. Evidence of admissions or confessions is not competent, unless shown to have been voluntarily made. Whitehead v. State, 16 Ala. App. 427, 78 South. 467; Simmons v. State, 16 Ala. App. 645, 81 South. 137; Curry v. State, 203 Ala. 239, 82 South. 489; Patterson v. State, 202 Ala. 65, 79 South. 459.

Harwell G. Davis, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. We have examined the various exceptions reserved to the rulings of the trial court, without limitation by reason of appellant's brief; but a detailed discussion, other than herein appears, will not be necessary.

[1] During the argument of the solicitor a colloquy occurred between the solicitor and one of defendant's counsel over this remark of the solicitor, "I say it is cowardly to make an innuendo, and not back it up." Motion was made by defendant to exclude this remark, and that the court declare a mistrial. The court excluded that part of the remark, "I say it is cowardly," and instructed the jury not to consider it, but refused to order a mistrial. As has been frequently said by this court, matters of this kind must in a large degree be left to the discretion of the trial judge, and appellate courts are reluctant to declare error, unless it clearly appears that, by reason of the rulings and the "general atmosphere of the trial," caused by an unfair argument, or other facts connected therewith, the defendant was denied a fair trial, to which he is entitled under the Constitution. This court, in Mitchell's Case, 18 Ala. App. 471, 93 South. 46, Windom's Case, 18 Ala. App. 430, 93 South. 79, and Bean's Case, 18 Ala. App. 281, 91 South. 499, reviewing the many rulings on this subject, has tried to make clear the limitations on arguments and the attitude of appellate courts as to exceptions reserved thereto. The rulings of the court in the instant case are free from error.

[2, 3] After proof of the proper predicate, state's witness was allowed to testify as to admissions of defendant, at the time and while he was actually engaged in pouring the manufactured product of the still into a keg. Aside from the predicate, which was clearly proven, this evidence would have been admissible as part of the res gestæ. Holyfield v. State, 17 Ala. App. 162, 82 South. 652; Jones v. State, 17 Ala. App. 394, 85 South. 830. There being evidence tending to show a joint ownership and possession of the still and its joint operation by defendant and two other parties, the admissions made at the time and place where the distilling was being done and in the presence and hearing of each other, it would make no difference whether the admission was made by defendant, or one of his partners, it would be admissible against defendant. Leverett v. State, 18 Ala. App. 578, 93 South. 347; Stewart v. State, 18 Ala. App. 92, 89 South. 391.

[4] The contention that the corpus delicti had not been proven is without merit. The fact that the still was there at the place designated, and in operation, established the corpus delicti beyond all questions.

---

&lowast;&rarr;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] As to who gave information regarding the still was properly excluded as being hearsay.

We find no error in the record, and the judgment is affirmed.

Affirmed.