(105 So. 425)

## PORTER v. STATE. (6 Div. 656.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. **Criminal law ⊚⇒1170(2)—Exclusion of question on cross-examination held not erroneous, where witness had already testified to matter excluded.**

In prosecution for distilling, exclusion of question on cross-examination whether witness inquired of defendant who owned the still or operated it, or whether defendant had any control over the land or helped put the still there, *held* not erroneous, where witness had already testified that he did not interrogate defendant about it.

2. **Intoxicating liquors ⊚⇒233(2)—Testimony that still was in operation, that there was whisky there in glass jugs, and that it was warm, held relevant.**

In prosecution for distilling, testimony that still was in operation, that there was whisky there at the time, and that the whisky was in glass jugs and was warm, was relevant and material.

3. **Criminal law ⊚⇒561(1)—Evidence need only convince jury beyond all reasonable doubt of defendant's guilt to justify conviction.**

Law does not require jury to believe beyond all doubt that defendant is guilty, but only that the evidence in the case should convince them beyond all reasonable doubt of defendant's guilt, to justify conviction.

4. **Criminal law ⊚⇒723(3)—Remarks of solicitor in argument to jury held unobjectionable.**

In prosecution for distilling, remarks of solicitor in argument that if they wouldn't convict a man for distilling when three unimpeached witnesses saw him and nobody but defendant denied it, then there was no use to try to convict a man before the jury for illegal distilling of whisky, *held* unobjectionable.

5. **Criminal law ⊚⇒796—Jury has nothing to do with punishment, their duty ending when they determine guilt or innocence of defendant.**

Instruction that jury has nothing to do with punishment of a defendant, their duty ending when they determine his guilt or innocence and that court has duty of fixing the punishment *held* proper.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

J. W. Porter was convicted of distilling, and he appeals. Affirmed.

In his argument to the jury the solicitor made these remarks:

"The law don't require this jury to believe beyond all doubt that this defendant is guilty. * * * The law only requires that the evidence in this case should convince you beyond all reasonable doubt of his guilt. * * *

"If you won't convict a man for distilling, when three unimpeached witnesses tell you that they saw him distilling, and nobody denied it, except this defendant himself, then I say to you there is no use in trying to convict a man before this jury for committing the offense of illegal distilling of whisky."

Pinkney Scott, of Bessemer, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. 4 Michie's Ala. Dig. 579. No motion being made to exclude argument of the solicitor, no question is raised. Thomas v. State, 18 Ala. App. 268, 90 So. 878.

SAMFORD, J. The questions raised as to the organization of the grand and petit juries finding the indictment and trying this case have already been adjudicated. Porter v. State, 20 Ala. App. 74, 101 So. 97.

[1] The defendant, on cross-examination of state's witness Ross, sought to ask witness if he inquired of defendant who owned the still, or who operated the still, or whether defendant had any control over the land or not, or whether defendant helped put the still there or not. The witness had already, in response to a question by defendant's attorney testified:

"I did not interrogate Porter there about it. I didn't ask him nothing about it, but just arrested him and brought him in."

This fact in itself would authorize the trial judge in sustaining the state's objection.

[2] It was competent for the witness Harrison to testify that the still was in operation; that there was whisky there at that time; that the whisky was in glass jugs and was warm. This testimony was relevant and material. The other exceptions to testimony are without merit.

[3, 4] There were certain objections to remarks made by the solicitor in his address to the jury. The law as stated by the solicitor as to the burden of proof was correct, and the other remark was by way of exhortation to convict, and was unobjectionable.

[5] The court properly charged the jury that they had nothing to do with the punishment, that their duty ended when they had determined the guilt or innocence of defendant, and that the court had the duty of fixing the punishment.

We find no error in the record, and the judgment is affirmed.

Affirmed.