182 So. 69

**NORRIS v. STATE.**

**8 Div. 847.**

Supreme Court of Alabama.

June 16, 1938.

282

Osmond K. Fraenkel and Samuel S. Leibowitz, both of New York City, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

KNIGHT, Justice.

This is the third appeal by this defendant from judgments of conviction in the trial courts. In each instance, or rather upon each trial, the defendant was convicted of rape and his punishment fixed by the jury at death. Weems et al. v. State, 224 Ala. 524, 141 So. 215; Norris v. State, 229 Ala. 226, 156 So. 556.

The record before us shows indictment in due form of law, properly authenticated, and filed in open court by the Grand Jury of Jackson County, Alabama, on November 13, 1935.

Upon this indictment the defendant was duly and legally arraigned, and pleaded not guilty. Of course, the arraignment was had in the Circuit Court of Morgan County, after the cause had been transferred, on change of venue duly moved for by the defendant, to said county for trial.

It appears that after the arraignment in the Circuit Court of Morgan County, Alabama, the defendant filed his petition to remove the cause from the Circuit Court of Morgan County to the United States District Court for the Northern District of Alabama. This removal was sought under the provisions of Section 31 of the United States Judicial Code, 28 U.S.C.A. § 74, and Section 32 of the United States Judicial Code, 28 U.S.C.A. § 75, upon the asserted ground that, for the reasons stated, "equal civil rights" were denied to the defendant, or could not be enforced in the state courts.

The petition for removal in the instant case to the United States' District Court, it appears, is the same as that presented in the case of Patterson v. State, 234 Ala. 342, 175 So. 371.

This Court in the Patterson Case held that the petitioner was not entitled to the removal prayed for, and from the judgment of the court affirming the trial court's rulings, the appellant sought a review of our opinion in the Supreme Court of the United States. However, the Supreme Court of the United States refused to review the decision of this Court, and dismissed the proceedings. Counsel for appellant, in oral argument at the Bar, on

this appeal, concedes that this question of removal is "legally dead," having been concluded by the decision of this Court in the Patterson Case, supra, and the refusal of the Supreme Court of the United States to review that decision. Patterson v. State of Alabama, 302 U.S. 733, 58 S.Ct. 121, 82 L.Ed. 567.

The Circuit Court of Morgan County, following our ruling in the Patterson Case, overruled this defendant's petition for removal to the Federal Court. In this there was no error. Patterson v. State, supra.

The appellant in brief now before us has not argued any question growing out of, or involved in the motion or petition for removal, but we have, in obedience to the statute which requires us to review the entire record to ascertain whether any errors were committed on the trial, further considered the question as to whether there was error in overruling the appellant's petition. A reconsideration of the question but convinces us of the correctness of our conclusion on the identical question presented in the Patterson Case, supra.

It appears from the bill of exceptions that on July 6, 1937, immediately after the court had denied the defendant's renewed motion to remove the cause to the Federal Court, "the Court in open Court announced to counsel for the defense, that if they desired to make application for a change of venue, it would be entertained and would be allowed to support his application by affidavits, or by testimony of witnesses taken in open court in the case."

The bill of exceptions then recites that "No application for a change of venue was applied for as suggested."

The cause thereupon proceeded to trial, without objection, upon the merits, on the indictment and the defendant's plea of not guilty.

It is insisted by counsel for appellant that the court committed error to reversal in allowing the solicitor to prove by the deputy sheriff Simmons a conversation he had with the defendant in the presence of Mr. Woodall. Before the court permitted this proof to be made, the solicitor offered evidence to show that no reward or inducements were held out to the defendant to make the statement, nor were any threats made to coerce him into making the same. The evidence thus shows that a proper predicate was laid for the introduction of this testimony. Thereupon the court permitted the solicitor to prove that the defendant in this conversation with the deputy denied having raped anyone, "but pointed out the rest of the eight boys and accused them of it but denied it himself."

Unquestionably this evidence was competent. There was evidence in the case tending to show, not only that the defendant had assaulted Victoria Price, but that there was a conspiracy in which the defendant had entered with the other eight boys to rape this woman. Under these circumstances, the statement of defendant to the effect that he had not raped any woman, but that the other eight boys had, was clearly admissible. Norris v. State, 229 Ala. 226, 156 So. 556.

It is insisted also, that the court committed error in not declaring a mistrial, upon defendant's motion, when the solicitor in making his argument to the jury said: "I know he is guilty, and I think Mr. Leibowitz knows he is guilty."

We excerpt from the record what appears with reference to this exception:

"Mr. Hutson: I know he is guilty, and I think Mr. Leibowitz knows he is guilty.

"Mr. Leibowitz: The solicitor just said to the jury that I know the defendant is guilty.

"Mr. Hutson: I will say in my opinion he is.

"Mr. Leibowitz: In view of that statement that he said to this jury that I know the defendant is guilty, I move for the declaration of a mistrial.

"The Court: Gentlemen of the jury, Mr. Leibowitz says that Mr. Hutson said he knew the defendant was guilty. The solicitor says he withdraws that statement from you and says in his opinion he is guilty.

"Gentlemen, he has a right to his opinion, and has a right to express his opinion. Of course, he couldn't say anything as a fact, and lawyers in discussing cases, of course, express opinions, and they have a right to express them from the evidence in the case, and I overrule the motion for a mistrial. I see nothing in that that would indicate any reason for a new trial."

284

While the quoted remarks of the solicitor, made in the course of his argument to the jury, even after the retraction and modification, might well have been omitted, they were evidently intended as being based upon the solicitor's conception of the evidence then before the jury, and were not such as to require a reversal of the cause. Juries 'can and do, no doubt, properly evaluate such arguments. It seems to be generally held by the authorities that prosecuting attorneys are entitled to make argumentative deductions from the evidence without transgressing bounds of legitimate argument. We cannot affirm error in this ruling of the court. Handley v. State, 214 Ala. 172, 106 So. 692; 1 Thompson on Trials, Section 980; Crenshaw v. State, 153 Ala. 5, 45 So. 631; Bell v. State, 227 Ala. 254, 149 So. 687; State v. Thayer, 124 Ohio St. 1, 176 N.E. 656, 75 A.L.R. 53.

It will also be noticed that the ruling sought by the defendant was not limited to an exclusion of the argument, and an instruction from the court to the jury to disregard it as being improper, but would require the withdrawal of the case from the jury, and the entering of a mistrial. The defendant was not entitled to such an order. Even if the argument, as modified, could be said to be improper, which we do not hold, no doubt the jury, on proper instructions from the court, would have disregarded the same.

After the verdict of the jury was returned into court, the defendant filed motion for a new trial, which was thereafter overruled. This action on the part of the court is here insisted was error to reversal.

The bill of exceptions nowhere shows an exception was reserved by the defendant to the overruling of his motion for a new trial. In fact, the bill of exceptions nowhere refers to this motion. While it is not necessary, in bringing up for review the ruling of the lower court overruling a motion for a new trial, to incorporate the motion and the judgment thereon, as found in the record proper, in the bill of exceptions, but the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto.

In this state of the record, we cannot review the court's action in overruling the defendant's motion for a new trial. Stover v. State, 204 Ala. 311, 85 So. 393; Dukes v. State, 210 Ala. 442, 98 So. 368; Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707.

Counsel for appellant have filed in this cause a carefully prepared printed brief, arguing, we take it, such rulings of the court as they thought were erroneous, and to these rulings we have given attention and consideration in the foregoing opinion. However, in obedience to the mandate of the statute, Section 3258, Code, we have considered "all questions apparent on the record or reserved by bill of exceptions," and have found no errors. The questions, other than those argued by counsel in brief, and orally on submission, are so manifestly without merit as to require no detail discussion, and we forego the same.

We are, therefore, at the conclusion that the record discloses no reversible errors, and the judgment of the trial court must be affirmed.

And it appearing that the day heretofore set by the Circuit Court of Morgan County for the execution of the sentence of death pronounced upon the defendant has passed pending this appeal, it is ordered that Friday, the 19th day of August, 1938, be and the same is hereby fixed and set for the execution of the defendant.

Affirmed. Friday, 19th day of August, 1938, set for the execution of defendant.

All the Justices concur.