268 So.2d 877

Norman L. BRADEN

v.

STATE.

1 Div. 210.

Court of Criminal Appeals of Alabama.

Oct. 31, 1972.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Appellant was indicted on two charges of burglary in the second degree and one charge of assault with intent to murder. On June 2, 1971, he was convicted in the Mobile County Circuit Court on the second case of burglary, and he appeals.

I

Appellant complains that when he continually enforces his demand for a speedy trial, and the State presents no good reason for a three-year delay between indictment and trial, the court should grant a motion to vacate said indictment.

This complaint of delay is based on the following facts:

The appellant was arrested on the above charges on February 24, 1968, and on May 7, 1968, he filed a motion for a speedy trial, prior to his indictment on May 13, 1968.

At arraignment on June 4, 1968, appellant pled not guilty to the three charges, and stated he did not want an appointed attorney, but wished to represent himself. A motion in Forma Pauperis to subpoena witnesses was filed on September 9, 1968, prior to the trial setting of case numbered 19048 on September 24, 1968. This case was noted on the docket sheet to be crowded out and passed generally.

It should be noted that the record reflects that all three cases were always set at the same time.

On January 22, 1969, appellant was advised that case 19048 was set for trial on February 12, 1969, and on February 10, 1969, a motion to vacate the three indictments was filed. Subsequently, on February 25, 1969, an attorney was appointed for appellant.

Case numbered 19049 was tried on April 2, 1969, and the appellant was convicted of second degree burglary and sentenced to five years. On December 21, 1971, case 19049 was affirmed by this court, and a search of the court records does not indicate a Petition for Writ of Certiorari was ever filed.

Cases numbered 19048 and 19050 had been set for trial on October 15, 1970, but twelve days preceding this, the appellant wrote the Clerk of the Circuit Court of Mobile County requesting that he be returned to Holman as soon as possible, as he felt the Judge would not want to proceed with trial due to the case pending before the Supreme Court.

On June 1, 1971, before the trial of case 19050, the motion to vacate the indictment and the motion for a speedy trial were denied. A judgment for second degree burglary was rendered on June 2, 1971, and appellant was sentenced to ten years imprisonment.

■ Speedy trial rights do not operate to deprive a state of a reasonable opportunity of prosecuting criminals, and a defendant cannot claim his constitutional right has been denied where the delay is occasioned by actions instituted by himself, or where delays are made necessary by the law itself. Sample v. State, 138 Ala. 259, 36 So. 367, Tiner v. State, 279 Ala. 126, 182 So.2d 859, Beavers v. Haubert, 198 U. S. 77, 25 S.Ct. 573, 49 L.Ed. 950.

". . . Continuances in the discretion of the presiding judge, or delay occasioned by want of time to try, or any like necessitating circumstances, do not contravene the right to a speedy trial." Sample v. State, supra, Baggett v. State, 45 Ala.App. 320, 229 So.2d 819.

The delay between the appellant's arrest and the trial of case 19049 was fourteen months. During this period, the above facts show that the cases, originally set on September 24, 1968, were "crowded out." This case, tried on June 1, 1971, was previously set on October 15, 1970. At that time, it was passed in accordance with appellant's letter to the court on October 3, 1970.

The appellant may not complain of self-imposed delay, such as that evidenced by his request that he be allowed to return to Holman rather than stand trial. Delays result when an accused seeks to take advantage of all the protections guaranteed by law, and often he must relinquish some measure of the dispatch to which he might otherwise be entitled. Appellant will not be allowed to have his cake and eat it too.

Because of the many procedural safeguards provided for the appellant, a delay may occur because the ordinary procedures for criminal prosecutions are designed to move at a deliberate pace. To require unreasonable speed would be harmful to the rights of the accused and to the ability of society to protect itself. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 2d 627.

"The essential ingredient is orderly expedition and not mere speed." Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041; United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468.

■ Appellant claims the delay prevented his participation in rehabilitation programs at other penitentiary units, but the record indicates that accused had holds placed against him from Louisiana and Arkansas. Absent the delay, these holds alone may have caused the ineligibility of accused. The facts here do not show that appellant suffered any prejudice.

For the foregoing reasons, we conclude there was no violation of appellant's constitutional right to a speedy trial. The delay complained of was occasioned partially

by appellant's actions, and partially by the delay made necessary by the law itself.

## II

Appellant contends that prejudicial remarks by the prosecutor during final argument were ineradicable in nature, and could not be removed from the minds of the jury by an admonishment of the judge. As a result, he contends his right to a fair and impartial trial was impaired.

There were three instances where the remarks of the solicitor were viewed as improper by the defense. First, when the solicitor in argument twice referred to the appellant as a "professional thief," and later, when he commented:

> "Think about it when you go back there. All you've got to do is find him guilty and Mobile County is going to be pleased."

A precise method has not been devised to measure eradicability other than in instances of disparagement of race or religion. *Jessup v. State*, 43 Ala.App. 517, 194 So.2d 570. The prejudicial qualities of a solicitor's remarks during argument cannot be gauged by any existing standards. Each case must be determined on its merits. *Smith v. State*, 282 Ala. 268, 210 So. 2d 826.

The general rule governing permissible argument is that an attorney cannot be allowed to state anything as a fact which is unsupported by evidence. *Olden v. State*, 176 Ala. 6, 58 So. 307.

Counsel is permitted to comment or draw inferences on facts in evidence. It is only when these facts are unsupported by the evidence that the rule is violated.

We are of the opinion that the two references to the appellant were merely expressions of opinion by the solicitor and were based on his conception of the evidence. They were not the type that would constitute reversible error. *Griggs v. State*, 21 Ala.App. 530, 109 So. 611; *Norris v. State*, 236 Ala. 281, 182 So. 69.

The solicitor's statement concerning Mobile County in the instant case was similar to the following comment made in *Myhand v. State*, 259 Ala. 415, 66 So.2d 544:

> "I am sure you are not going to let the people in the community down; you are not going to let this crowd down."

Although the statements by the solicitor were viewed as improper, they were not prejudicial in view of the court's prompt instructions to disregard.

In the following excerpts from the record, we see that the court's actions in the *Myhand* case and the one at bar are of the same effect:

> "MR. GRADDICK: (State's attorney) Now, let me just ask you one thing. If a professional thief is going to rob a place on Highway 90, what is his night to do it? Mardi Gras night, when the police are downtown and they're busy. Now, he's a professional now. He's a professional thief.
>
> "MR. KIMBROUGH: (Defense attorney) Now, I object to that. There's no testimony about that in this record.
>
> "COURT: Sustained."
>
> *   *   *   *   *   *
>
> "MR. GRADDICK: Listen to Mr. Kimbrough's argument. How come they didn't go in Thompson Plymouth, because it was cold out there and they didn't want to stand outside in the cold. No, sir. A professional thief don't worry about the cold.
>
> "MR. KIMBROUGH: I object to that. There's no testimony in the record of that and I ask that the jury be instructed not to consider it.
>
> "COURT: Disregard any statements by the District Attorney as to professional thief and don't call him that any more, Mr. Graddick."
>
> *   *   *   *   *   *
>
> "MR. GRADDICK: Think about that when you go back there. All you've got to do is find him guilty and Mobile

County is going to be pleased.

"MR. KIMBROUGH: I object to that, Your Honor.

"COURT: Sustained.

"MR. KIMBROUGH: I move that it be stricken from the . . . . .

"COURT: Disregard the statement about Mobile County being pleased. Are you finished?

"MR. GRADDICK: Yes, sir."

It is evident from the foregoing that the court acted promptly and with dispatch in each instance to remedy the solicitor's improper statements.

The eradication or removal of prejudicial matter encompasses first, what is before the court, and second, if prejudicial, the effect of any corrective action.

For the corrective action to be effective, it must be sure, swift and certain —prompt, clear, and forceful. Johnson v. State, 242 Ala. 278, 5 So.2d 632; Myhand v. State, supra; Crook v. State, 42 Ala. App. 270, 160 So.2d 884.

We believe that if any prejudicial effect existed, it was removed by the clear and forceful manner in which the judge instructed the jury. Whether the remarks are considered separately or cumulatively, their effect was eradicable. If further remedial measures were necessary, the trial judge was in the best position to determine this. He had an opportunity to see the effect, if any, on the jury before and after the remarks and his instructions to disregard.

We have searched the record as directed by statute, and finding no error, we affirm.

Affirmed.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.