BOWEN W. SIMMONS, Supernumerary Circuit Judge.
This appellant, an indigent minor, was indicted and convicted of robbery. The jury fixed punishment at ten years. Judgment therefor and this appeal therefrom.
The victim of the robbery was Gary Holley, who, at the time, November 30,1974, at about 6:30 P.M. (Saturday night) was employed by a Texaco filling station operator as an attendant. He was on duty and in custody of the money which was the fruit of the robbery. The Texaco station was in the city of Montgomery, Alabama.
Proof was fully made that the robbery was committed by threats and gestures of violence by the use of a .22 black pistol. The alleged robbers hurriedly left the scene and were later apprehended and detained.
The victim was not too certain of the identification from a view of the robbers’ faces. He was told by one of the robbers not to look at them, using the pistol to intimidate. He did observe the robbers’ wearing apparel and when the two were brought back by the police officers, he expressed a judgment, not beyond a reasonable doubt, that the two were the persons who held him up. The weight of this identification was for the jury.
But there were two other witnesses for the State, who, during the robbery, drove up for Texaco service and recognized the robbers. They knew them and testified *76 that defendant and another, one Mosby, were the two who were in the filling station when the robbery was going on.
The defendant, while in custody of the police officers at the jail, made a statement after Miranda warnings, free of force, coercion, etc., that he was the guilty party along with another.
The confession carried several details, including one that they left the stolen money, the bills, with Michelle Smith in whose possession some bills along with a .22 pistol were later found by the officers. The money and pistol were produced in court and admitted in evidence. Both were lawfully seized as we view the evidence. Defendant did not take the stand, nor did Michelle Smith appear as a witness.
We think that the evidence was ample to establish the use of a .22 pistol in the commission of the robbery and that bills (money) were stolen and that the same was less than $100.00. However, defendant in his confession did state he thought that the gun or pistol was taken back to the place from which it was stolen, “the grandmother’s house.”
It is true that the .22 pistol in possession of Michelle Smith was not positively identified as the res gestae weapon. We think that the jury might have inferred that when the stolen money was delivered to Michelle Smith, that the pistol found in her possession was also given to her, although the contrary appeared in the confession. It is certainly clear that a .22 pistol was used in the robbery, and if the pistol in evidence was not the one, we do not see that defendant suffered any prejudicial injury by the mistake. The jury was certainly informed that a .22 pistol was brandished as a means of effectuating the robbery.
The next contention of appellant is addressed to what Linda Norman, one of the two girls present when the robbery was taking place, told her girl companion:
“I got back in the car and I told Maria [the other female], I said, I don’t know what is going on, but I think they are robbing the place. And we left.”
This was all a part of the res gestae and was admissible. Hallman v. State, 36 Ala. App. 592, 61 So.2d 857, cert. denied, 258 Ala. 278, 61 So.2d 861. The testimony bears out that a robbery was going on and that her expressed judgment was correct. We fail to see that the defendant suffered any injury from this expression of opinion to the companion.
The witness further testified, over defendant’s objection because of irrelevancy, that:
“I went to Maria’s house and used the phone to call my grandmother. And I asked her who was there and she said all of them were there. So, I told her, I said, well, I don’t know what is going on, but you had better get them out of your house. All right. I called her back and she said they had left. Where they went, I don’t know.”
An inference may be drawn that the witness was warning her grandmother to “get them out” of her house.
We think the trial court could properly have sustained the objection, but we are not willing to reverse because we fail to see that defendant suffered any injury thereby. Supreme Court Rule 45.
A final contention is that the Deputy District Attorney argued as follows and error resulted by the court overruling defendant’s objection thereto: We quote:
“MR. POOL: There may be some doubt in some of your minds as to why Linda Norman has taken the stand; her brother, Terry McGee by the own statement of this man, knew that this place was going to be robbed. I don’t know whether he did or not. This man assumed that he did because he told the detective that Terry McGee knew that it was going to be robbed. There has been no evidence to show that Terry McGee was there. Terry McGee is not on trial.
“MR. PAYNE: Your Honor, I object to any comment on whether my client would or would not have stated something from the witness stand. And he is indirectly commenting on that.”
*77 It dóes not appear that the court ruled on the objection. We quote:
“THE COURT: All right.”
This argument refers to Terry McGee’s knowledge vel non that the robbery was going to take place and makes no reference to defendant’s failure to take the witness stand. The defendant in his confession said:
“Nobody but Terry McGee knew that we were going to do it.”
If it may be said that the trial court overruled defendant’s objection, we are unwilling to ascribe error to the ruling.
The judgment is due to be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7,1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.