BOWEN, Judge.
The defendant was convicted for manslaughter and sentenced to twenty years’ imprisonment as an habitual felony offender. Two issues are presented on appeal.
I
Two photographs of a knife blade found near the scene of the homicide were properly admitted into evidence even though the actual knife had been lost. Since any weapon or implement used in the commission of a crime is ordinarily admissible in a criminal prosecution, a photograph of the weapon is also admissible. Fitzhugh v. State, 35 Ala.App. 18, 25, 43 So.2d 831 (1949). The weapon in the photographs was connected to the knife used in the stabbing by the testimony of a police officer who stated that he found the knife where a witness to the stabbing said he had thrown it.
Even if the photographs should not have been admitted because the knife depicted was not sufficiently identified as the weapon used in the killing, the error in the admission of the photographs was harmless. Rule 45, A.R.A.P. It is uncontradicted that the victim was stabbed with a knife and the photographs in and of themselves did not implicate or incriminate the defendant. In the following cases, harmless error was found in the admission of a weapon where there was no positive identification that the weapon was used in the particular crime. Carroll v. State, 370 So.2d 749, 759 (Ala.Cr.App.), cert. denied, 370 So.2d 761 (Ala.1979); Mack v. State, 337 So.2d 74, 76 (Ala.Cr.App.1976); Walton v. State, 54 Ala.App. 317, 321, 307 So.2d 713 (1975); Gautney v. State, 46 Ala.App. 102, 104, 238 So.2d 900 (1970); Dickerson v. State, 43 Ala.App. 694, 698, 200 So.2d 487 (1967); Hayes v. State, 33 Ala. App. 364, 367, 33 So.2d 744 (1948).
II
The defendant argues that the testimony elicited during the State’s casein-chief shows that he was acting in self-defense. Our review of the record on appeal shows that the victim was killed during an argument in which he was holding a wine bottle and the defendant was armed with a knife. There was evidence that the defendant knew that the victim had been “looking for him all that day.” However, there was also testimony that immediately before the argument the defendant told the victim that he would kill him. Apart from the defendant’s confession to the police, there was no evidence presented by the State that the victim attempted to hit the defendant with the bottle before he was stabbed. *15 Furthermore, there was no evidence presented by either side that the defendant could not have avoided the necessity of taking life by retreating as required in order to establish a defense of self-defense. Alabama Code Section 13A-3-23 (1975).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.