LEIGH M. • CLARK, Retired Circuit Judge.
A jury found appellant guilty of theft in the second degree. After due notice that he would be proceeded against under the Habitual Felony Offenders Act, the court fixed his punishment at imprisonment for fifteen years, which was the minimum that could have been imposed upon him by reason of his two previous felony convictions.
The only issue presented on appeal pertains to the asserted denial by the trial court of the effort of defendant’s counsel to have the jury informed, either by argument of defendant’s counsel or requested written charges, of the difference between the punishment for the felony of theft in the second degree and the punishment for the included offense of theft in the third degree, a misdemeanor. That defendant preserved the issue for appeal is disputed by appellee, but in the light of the clear law as to whether defendant’s counsel should have been allowed to make known to the jury the difference between the nature and extent of the punishment prescribed for the felony and the punishment prescribed for the misdemeanor and to expound upon the consequences thereof, we will proceed to apply such law here and forego discussion of the *996 question whether the issue presented by appellant was sufficiently presented in the trial court, which is not so clear.
The trial court allowed defendant’s attorney to make known to the jury that theft of property in the second degree is a felony and that theft of property in the third degree is a misdemeanor, and it was clearly made known to the jury in the court’s oral charge, as well as elsewhere, that if the property involved exceeded $100.00 in value, the theft of it would constitute theft in the second degree (Ala.Criminal Code § 13A-8-4) and if it did not exceed $100.00 it would constitute theft of property in the third degree (§ ISA-8-5).
Of the numerous legislative changes of the criminal law of Alabama since it became a state in 1819, by far the greatest number that have been made in one year were wrought by Alabama Criminal Code, effective January 1, 1980, and one of the greatest changes made by said Code is that as to practically all crimes except capital crimes the trial judge fixes the punishment within the limits prescribed by the Legislature. The jury has been largely shorn of its authority and duty as to the proper punishment, which, with some exceptions, it previously had. For this reason, perhaps, we do not have many appellate court opinions directly on the point. However, in the comparatively few cases prior to the effective date of Alabama Criminal Code in which the determination of the extent of the punishment was exclusively within the province of the trial judge, it was not proper for the jury to be informed as to what punishment would or could be imposed upon a finding that defendant was guilty. Porter v. State, 21 Ala.App. 79,105 So. 425, 426 (1925). The 1923 Criminal Code was in effect when Porter v. State was decided. Chapter 167 thereof dealt with the subject of Intoxicating and Prohibited Liquors, and Article 3 thereof (Sections 4656-4661) was captioned “Manufacturing, Selling, Giving Away, or Having in Possession Stills or Appliances for Manufacturing Liquor.” Section 4658 provided:
“Any person, firm, or corporation, who shall violate any provisions of sections 4656, 4657 of this article, shall be guilty of a felony and upon conviction thereof shall be punished by confinement at hard labor in the penitentiary for not less than one year, nor longer than five years, to be fixed within these limits by the court or judge trying the case.”
In Porter v. State, supra, it was held:
“The court properly charged the jury that they had nothing to do with the punishment, that their duty ended when they had determined the guilt or innocence of defendant, and that the court had the duty of fixing the punishment.”
It is to be observed that jurors sometimes have knowledge of their own as to the probable punishment that will be imposed upon a convicted defendant, but it is also to be noted that any injection of such knowledge into the case as information to go to the jury would tend to appeal either to the prejudice of the jury or to its sympathy, rather than to its duty under the law and the facts of the case. Furthermore, it is to be observed that injection of the matter into the case by either party for either purpose can often be effectively answered by the other party for the opposite purpose. This is to be noted in the relatively recent case of Smith v. State, 146 Ga.App. 428, 246 S.E.2d 442 (1978), in which, when it was first commented upon by defendant’s attorney, the prosecuting attorney objected, stating “it is clearly improper to argue punishment at this stage of the proceeding,” the trial court then said, “All right, don’t argue punishment,” and the prosecuting attorney then said: “The court may put him on probation or something.” A motion for a mistrial by defendant followed immediately. The court on appeal, in holding that there was no error on the part of the trial .court in denying the motion for a mistrial, said:
“The trial court thereafter instructed the prosecutor not to argue punishment and explicitly cautioned the jury not to consider either punishment or probation, with the final instruction that ‘sentencing *997 of the defendant is a job for the Court. You are only concerned with the guilt or innocence of the defendant.... You are not to give that any consideration whatsoever, the question of sentence.’ ”
Whatever advantage one party in a criminal case may have as to the jury’s being informed as to the permissible or likely punishment that the defendant will receive if convicted is offset by the advantage the other party will receive.
The only issue presented by appellant is without merit. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.